From: The District Court of the Sixth Judicial District. County of Park.

STATE OF MONTANA, Plaintiff, vs. JOHN BOUCHER, Defendant.

NO. 1869

## DECISION

The application of the above-named defendant for a review of the sentence of three years, imposed on December 17, 1968, was fully heard and after a careful consideration of the entire matter it is decided that:

(1.) The sentence be and remain as originally imposed by the sentencing court.

The reason for the above decision is that the sentence appears proper and sufficiently lenient in that the defendant was convicted on 6 counts of uttering and delivering fraudulent checks, each punishable by imprisonment for not more than 5 years or by a fine of not exceeding $5000, or both, yet received a sentence of but 3 years on each count to run concurrently with eligibility for parole consideration in July, 1969, after being received December 17, 1968, although he has a record of 3 prior felony convictions and 1 parole violation.

DATED this 7th day of April, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Sid G. Stewart.

From: The District Court of the Sixteenth Judicial District. County of Custer.

STATE OF MONTANA, Plaintiff, vs. ERNEST CUNY, Defendant.

NO. 2182

## DECISION

The application of the above-named defendant for a review of the sentence of five years, imposed on June 3, 1968, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be and remain as originally imposed by the sentencing court.

The reason for the above decision is that the sentence appears proper and sufficiently lenient in that defendant was convicted of grand larceny punishable by imprisonment for not less than 1 nor more than 14 years yet received a sentence of but five years with jail time credit from April 23, 1968, to date of committment with eligibility for parole consideration in March, 1969, after being received June 4, 1968, although he has 4 prior felony convictions.

Any contention of the defendant that he was not guilty of the crime for which he was sentenced is not within the power of this Court to consider. Its power is limited to, "* * * review the judgment so far as it relates to the sentence imposed * * *." Section 95-2503, R.C.M.1947.

We thank Claude J. Gerbase, Jr., Esq., of the Montana Defenders for his assistance to the defendant.

DATED this 7th day of April, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.